United States District Court
District of Massachusetts

```
———————————————————————        )
Bharanidharan Padmanabhan,     )
                               )
          Plaintiff,           )
                               )
          v.                   )        Civil Action No.
                               )        17-11939-NMG
Carol Hulka, Rachel Nardin,    )
James Paikos, George Zachos,   )
Debra Stoller, Susan Giordano, )
Michael Henry, Robin Richman,  )
Brent "Woody" Giessmann, George)
Abraham, Candace Lapidus Sloane,)
Robert Bouton, Katie Merrill,  )
Steven Horowitz, Loretta Kish  )
Cooke, Marianne Felice, Adele  )
Audet, Joseph Gesmundo, Barry  )
Levin, Robert Harvey, Gerard   )
Dolan, Chris Cecchini, Nan     )
Browne, Maura Tracy Healey,    )
Lucian Leape and William       )
Kassler,                       )
                               )
          Defendants.          )
———————————————————————        )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from the termination of the employment of
Dr. Bharanidharan Padmanabhan ("plaintiff" or "Padmanabhan" or
"Dr. Bharani") and his subsequent sanctioning by the
Massachusetts Board of Registration in Medicine ("BORIM" or "the
Board"). It is not the first lawsuit brought by the doctor in
connection with these events. In this case, plaintiff brings a

-1-

plethora of claims against multiple defendants.  Specifically, plaintiff alleges that defendants 1) violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), 2) conspired to violate RICO, 18 U.S.C. § 1962(d), 3) violated the Sherman Act, 15 U.S.C. §§ 1–7, 4) committed fraud, 5) tortiously interfered with contract, 6) committed trespass to chattels and 7) violated his civil rights under 42 U.S.C. § 1983.  In addition, plaintiff seeks declaratory judgments and preliminary and permanent injunctive relief.

Before the Court are five motions to dismiss filed by various combinations of defendants and plaintiff's motion for entry of default.  For the reasons that follow, defendants' motions to dismiss will be allowed and plaintiff's motion will be denied.

## I. Background

Plaintiff Bharanidharan Padmanabhan, MD, PhD, resides in Massachusetts and practiced medicine as a neurologist at the Cambridge Health Aliance ("CHA") Whidden Hospital.  In November, 2010, plaintiff's medical privileges were suspended.  The Board revoked them following a January 2011 Fair Hearing at CHA. Plaintiff has unsuccessfully challenged that revocation in state and federal court.

In October, 2014, Dr. Padmanabhan filed a complaint in Massachusetts Superior Court for Norfolk County. See Padmanabhan v. City of Cambridge et al., Norfolk CA. NO. 1482CV01410 ("Padmanabhan I"). That complaint asserted 12 counts against 73 defendants. The claims included various torts, fraud, violations of Massachusetts state law and violations of plaintiff's Constitutional rights. Padmanabhan accused BORIM of conspiring with CHA and asserted that BORIM's conduct constituted "corrupt collusion and racketeering". In July, 2017, the Superior Court allowed defendants' motions to dismiss, holding that plaintiff's claims were time-barred. Plaintiff appealed that decision, which is currently pending in the Massachusetts Court of Appeals.

In September, 2015, Padmanabhan filed a complaint in this Court against a handful of state officials, alleging that they violated federal law by improperly accessing the Prescription Monitoring Program computer database in order to obtain information about his patients and to accuse him falsely of Medicaid fraud. This session allowed defendants' motion to dismiss, holding that plaintiff failed to state a claim upon which relief can be granted. See Padmanabhan v. Healey, 159 F. Supp. 3d 220, 226 (D. Mass. 2016), aff'd, No. 16-1159, 2017 WL

3404402 (1st Cir. Jan. 4, 2017), cert. denied, 138 S. Ct. 77

("Padmanabhan II").

Plaintiff has also pursued litigation arising from BORIM

disciplinary proceedings, which began in 2014. An evidentiary

hearing took place before a Division of Administrative Law

Appeals ("DALA") magistrate in early 2015, and the magistrate

issued a recommended decision in August, 2015. In January,

2016, BORIM remanded the case to the magistrate with orders to

clarify and explain parts of his decision.

In March, 2016, plaintiff filed a petition for certiorari

in the Massachusetts Supreme Judicial Court ("SJC") asserting

that the BORIM proceedings violated his constitutional rights

and requesting that the August, 2015, decision be deemed final

pursuant to 801 C.M.R. § 1.01(1l)(c)(3). After that petition

was denied by a single justice of the SJC, plaintiff appealed to

the full SJC. While that appeal was pending, the DALA

magistrate issued an amended recommended decision in August,

2016. That decision found that plaintiff had acted below the

standard of care.

On May 11, 2017, BORIM issued a decision that adopted, in

large part, the magistrate's findings. On May 15, 2017,

plaintiff filed an emergency motion in the SJC to stay the

suspension of his license. The SJC denied that stay on May 18,

2017, and issued an opinion on the matter on June 27, 2017. See
Padmanabhan v. Bd. of Registration in Med., 77 N.E.3d 312 (Mass.
2017) ("Padmanabhan III").  The court noted that it did not
"condone the lengthy disciplinary process to which Padmanabhan
has been subjected" and that it had "serious concerns" about the
"repeated resettings of the 180-day clock pursuant to 801 C.M.R.
§ 1.01(11)(c)(2)." Id. at 314.  Nonetheless, the Court noted,
plaintiff's finality argument was unavailing.  The Court
concluded that plaintiff

> now has the opportunity to pursue judicial review of the
> final decision [of BORIM] pursuant to M.G.L. c. 112, § 64.

Id. at 315.  Plaintiff did not avail himself of that
opportunity.

Plaintiff filed a complaint in this session on May 22,
2017, requesting injunctive relief against BORIM.  Padmanabhan
alleged that ten members or employees of BORIM violated 42
U.S.C. § 1983 by denying him his Due Process and Equal
Protection rights under the Fourteenth Amendment.  He requested
that BORIM's decision be stayed

> while the en banc SJC opinion is pending [and until] Dr.
> Bharani can avail of remedies in Federal court for the
> egregious violations

committed by BORIM.

-5-

In November, 2017, this session denied plaintiff's motion for a preliminary injunction and allowed defendants' motion to dismiss, holding that plaintiff's suit was barred by the doctrine of claim preclusion. See Padmanabhan v. Paikos, 280 F. Supp. 3d 248, 253 (D. Mass. 2017) ("Padmanabhan IV").

Plaintiff filed the complaint in this action in October, 2017, which was drawn to United States District Judge Saylor. In January, 2018, the case was reassigned to this session pursuant to Local Rule 40.1(g)(5). On February 2, 2018, plaintiff filed an emergency petition for a writ of mandamus in the First Circuit Court of Appeals ("First Circuit"), contesting that reassignment. On February 12, 2018, the First Circuit denied that petition, finding that plaintiff failed to demonstrate "a clear entitlement to the relief requested." See In re Padmanabhan, No. 16-1159 (1st Cir. Feb. 12, 2018) ("Padmanabhan V").

The complaint in the present suit is 180 pages long and consists of approximately 650 paragraphs. Many of those paragraphs recount the same events detailed in plaintiff's previous complaints in other cases. He states ten claims for relief against 26 defendants. Most of the defendants have been sued in prior actions. Two, Maura Tracey Healey and James Paikos, are named defendants in plaintiff's previous cases. See

-6-

Padmanabhan II; Padmanabhan IV.  Pending before the Court are
five motions to dismiss filed by the defendants.   The Court
will address them seriatim.

## II. Analysis

Defendants have filed motions to dismiss for failure to
state claims upon which relief can be granted.   To survive a
motion to dismiss, a complaint must contain sufficient factual
matter, accepted as true, to "state a claim to relief that is
plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S.
544, 570 (2007).   In considering the merits of a motion to
dismiss, the Court may look only to the facts alleged in the
pleadings, documents attached as exhibits or incorporated by
reference in the complaint and matters of which judicial notice
can be taken. Nollet v. Justices of Trial Court of Mass., 83
F.Supp.2d 204, 208 (D. Mass. 2000), aff'd, 248 F.3d 1127 (1st
Cir. 2000).   Furthermore, the Court must accept all factual
allegations in the complaint as true and draw all reasonable
inferences in the plaintiff's favor. Langadinos v. Am. Airlines,
Inc., 199 F.3d 68, 69 (1st Cir. 2000).   If the facts in the
complaint are sufficient to state a cause of action, a motion to
dismiss the complaint must be denied. See Nollet, 83 F.Supp.2d
at 208.

Although a court must accept as true all of the factual allegations contained in a complaint, that doctrine is not applicable to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662 (2009). Threadbare recitals of the legal elements which are supported by mere conclusory statements do not suffice to state a cause of action. Id. Accordingly, a complaint does not state a claim for relief where the well-pled facts fail to warrant an inference of any more than the mere possibility of misconduct. Id. at 1950.

Defendants contend that plaintiff's claims are barred by the doctrine of claim preclusion. Padmanabhan denies that claim preclusion applies and asserts that the parties are not in privity, that the prior action did not produce a final judgment on the merits and that the state and federal cases have "no overlapping claims".

Pursuant to 28 U.S.C. § 1738, judicial proceedings of the several states "shall have the same full faith and credit in every court within the United States." Cf. U.S. Const. art. IV, § 1 (mandating that "Full Faith and Credit be given in each State to the public Acts, Records, and judicial Proceedings" of each other state). Under that full-faith-and-credit mandate, federal courts must "give preclusive effect to a state-court judgment if the state court itself would." Newman v. Krintzman,

723 F.3d 308, 310 (1st Cir. 2013) (citing <u>Matsushita Elec.</u>

<u>Indus. Co.</u> v. <u>Epstein</u>, 516 U.S. 367, 373 (1996)) (additional

citations omitted).  Under Massachusetts law, claim preclusion

applies when three elements are satisfied:

> the parties to the prior and present actions must either be
> identical or in privity; the causes of action must arise
> out of the same nucleus of operative fact; and the prior
> action must have produced a final judgment on the merits.

<u>Goldstein</u> v. <u>Galvin</u>, 719 F.3d 16, 23 (1st Cir. 2013) (citing

<u>Kobrin</u> v. <u>Board of Registration in Med.</u>, 832 N.E.2d 628 (Mass.

2005)); <u>see also</u> <u>Airframe Sys., Inc.</u> v. <u>Raytheon Co.</u>, 601 F.3d

9, 14 (1st Cir. 2010) (describing federal claim preclusion

standard in similar terms).

### 1. Claim preclusion as to defendants Hulka, Nardin, Paikos, Sloane, Bouton, Cooke, Felice and Leape ("the Padmanabhan I defendants")

The <u>Padmanabhan I</u> defendants aver that plaintiff's claims

are barred by the doctrine of <u>res judicata</u>.  Plaintiff responds

that no case filed in any forum has asserted the subject claims

and denies that a final decision was reached by a previous

court.

### a. Privity of parties

The <u>Padmanabhan I</u> defendants were all named in the

<u>Padmanabhan I</u> complaint.  Plaintiff does not deny that fact.

The Padmanabhan I defendants are in privity with the defendants from the prior action.

### b. Nucleus of operative fact

Plaintiff avers that the present action involves a different claim than any brought in a previous case. He emphasizes that these defendants have not faced claims of mail fraud or wire fraud and states that this case "is about the entire universe of unlawful acts these defendants have consciously engaged in" as part of a racketeering enterprise.

Massachusetts courts require a common nucleus of operative facts because claim preclusion applies even where the claimant "is prepared in a second action to present different evidence or legal theories to support his claim." Hudson v. MacEachern, 94 F. Supp. 3d 59, 66 (D. Mass. 2015) (quoting Heacock v. Heacock, 520 N.E.2d 151, 152–53 (Mass. 1988)). "The statement of a different form of liability is not a different cause of action" if it grows out of the same transaction. Fassas v. First Bank & Trust Co., 353 Mass. 628, 629 (Mass. 1968); Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co., 547 F.3d 48, 52 (1st Cir. 2008) ("Discrete theories of liability may constitute identical causes of action for claim preclusion purposes if they are based on the same nucleus of operative facts.").

This case and Padmanabhan I "grow out of the same
transaction" and "seek redress for the same wrong." See Andrew
Robinson, 547 F.3d at 52 (quoting Brunson v. Wall, 405 Mass.
446, 451 n. 9 (Mass. 1989)).  Plaintiff's contention that this
case represents a different nucleus of facts because these
defendants have not been confronted by claims of mail or wire
fraud misconstrues the doctrine. See Isaac v. Schwartz, 706 F.2d
15, 17 (1st Cir. 1983) ("The issue is not whether the plaintiff
in fact argued his claims in the state proceeding, but whether
he could have.") (quoting Lovely v. Laliberte, 498 F.2d 1261,
1263 (1st Cir. 1974) (internal quotation marks omitted).  In
both cases, plaintiff's claims arise out of the alleged use of a
fraudulent report, fraudulent misrepresentations and collusion
between BORIM and CHA.

The causes of action in the two cases arise out of the same
nucleus of operative facts.

### c. Final judgment on the merits

Plaintiff maintains that this Court erred in its decision
in Padmanabhan IV, in which this Court held that plaintiff was
precluded from challenging the BORIM proceedings because he
failed to comply with the Massachusetts administrative appeal
procedures.  He insists, again, that BORIM's February, 2016,

decision and not its May, 2017, decision was the actual "final decision".

First, plaintiff is precluded from relitigating that issue, which was already addressed and decided in Padmanabhan IV. See Grella v. Salem Five Cent Sav. Bank, 42 F.3d 26, 30 (1st Cir. 1994) ("The principle of collateral estoppel, or issue preclusion, bars relitigation of any factual or legal issue that was actually decided in previous litigation . . . .").

Second, a final judgment on the merits was entered in Padmanabhan I. That court held that plaintiff's claims were time-barred because plaintiff's claims accrued in or before October, 2011. A dismissal for failure to state a claim is a final judgment on the merits. Swaida v. Gentiva Health Servs., 238 F. Supp. 2d 325, 328 (D. Mass. 2002) (citing Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 399 n. 3 (1981)). Plaintiff has realized a final judgment on the merits of his claims against the Padmanabhan I defendants.

Because this action and Padmanabhan I involve a privity of parties and the same nucleus of operative fact and because the state court action resulted in a final decision, plaintiff's claims against the Padmanabhan I defendants are barred by the doctrine of claim preclusion.

-12-

**2. Claim preclusion as to defendants Paikos, Cooke, Audet, Cecchini and Healey ("the <u>Padmanabhan II</u> defendants")**

The <u>Padmanabhan II</u> defendants contend that plaintiff's claims are barred by the doctrine of <u>res judicata</u>.

### a. Privity of parties

The <u>Padmanabhan II</u> defendants were all named in the <u>Padmanabhan II</u> complaint. Plaintiff does not deny that fact. The <u>Padmanabhan II</u> defendants are in privity with the defendants from the prior action.

### b. Nucleus of operative fact

The <u>Padmanabhan II</u> complaint alleged that the subject defendants conspired to obtain information about plaintiff's patients and falsely accused him of Medicaid fraud. So too here.

The causes of action in the two cases arise out of the same nucleus of operative fact.

### c. Final judgment on the merits

In <u>Padmanabhan II</u>, this Court held that plaintiff failed to state a claim for relief. That judgment was affirmed by the First Circuit and the United States Supreme Court denied plaintiff's petition for a writ of certiorari. <u>See</u> <u>Padmanabhan v. Healey</u>, 159 F. Supp. 3d 220(D. Mass. 2016), <u>aff'd</u>, No. 16-1159, 2017 WL 3404402 (1st Cir. Jan. 4, 2017), <u>cert. denied</u>, 138

S. Ct. 77 (2017).  Plaintiff has realized a final judgment on
the merits of his claims against the Padmanabhan II defendants.

Because this action and Padmanabhan II involve privity of
parties and the same nucleus of operative fact and because the
previous suit resulted in a final decision, plaintiff's claims
against the Padmanabhan II defendants are barred by the doctrine
of res judicata.

**3. Claim preclusion as to defendants Paikos, Zachos,
Stoller, Giordano, Henry, Richman, Giessmann, Abraham,
Sloane and Cooke ("the Padmanabhan IV defendants")**

The Padmanabhan IV defendants contend that plaintiff's
claims are barred by the doctrine of res judicata.

**a. Privity of parties**

The Padmanabhan IV defendants were all named in the
Padmanabhan IV complaint.  Plaintiff does not deny that fact.
The Padmanabhan IV defendants are in privity with the defendants
from the prior action.

**b. Nucleus of operative fact**

The Padmanabhan IV complaint alleged that, "over almost
seven years", the subject defendants violated his statutory and
constitutional rights by depriving him of his medical license.
Those allegations form the substance of this complaint as well.

The causes of action in the two cases arise out of the same
nucleus of operative fact.

### c. Final judgment on the merits

This Court has already held that Dr. Padmanabhan incurred a
final judgment on the merits with respect to the same claims
against these defendants. <u>See</u> <u>Padmanabhan IV</u>, 280 F. Supp. 3d at
252-53. The Court sees no reason to alter that analysis here.
Plaintiff has realized a final judgment on the merits of his
claims against the <u>Padmanabhan IV</u> defendants.

Because this action and <u>Padmanabhan IV</u> possess privity of
parties and the same nucleus of operative fact and because the
previous suit resulted in a final judgment by an administrative
agency in an adjudicatory proceeding, <u>see</u> <u>Brockton Power Co. LLC</u>
v. <u>Energy Facilities Siting Bd.</u>, 469 Mass. 215, 220 n.8 (2014),
plaintiff's claims against the <u>Padmanabhan IV</u> defendants are
barred by the doctrine of claim preclusion.

### 4. Failure to state a claim against defendant Merrill

Setting aside plaintiff's legal conclusions, <u>see</u> <u>Twombly</u>,
550 U.S. at 565, plaintiff alleges that Merrill was a paralegal
for at the Massachusetts Division of Law & Policy, that she
responded to a records request and that Merrill tried "to shoo
him away". Those facts do not suffice to state a claim upon
which relief can be granted. <u>See</u> <u>id.</u> at 566 ("Nothing contained
in the complaint invests either the action or inaction alleged
with a plausible suggestion of conspiracy.").

**5. Failure to state a claim against defendant Harvey**

Devoid of the conclusory statements and legal conclusions, see Iqbal, 556 U.S. at 678-79, plaintiff alleges that Harvey was a staff attorney at BORIM and that Harvey sent Padmanabhan a letter informing him that his medical license was suspended. Such allegations fail to state a claim upon which relief can be granted. Cf. Twombly, 550 U.S. at 566-67 (citation omitted) (affirming dismissal where plaintiff's allegations were equally consistent with "lawful, independent goals which do not constitute a conspiracy").

**6. Failure to state a claim against defendant Dolan**

Plaintiff claims that Dolan is a BORIM staff attorney and that he responded to plaintiff's record request. Once again, those allegations are woefully insufficient to state a claim.

**7. Failure to state a claim against defendant Browne**

Plaintiff opines that Browne, a Medicaid fraud investigator,

> violated 18 U.S.C. § 1030, 105 CMR 700.012 and Dr Bharani's 4th Amendment rights by stealing his trade secrets and using them to launch an unlawful ambush on his home to steal his patient notes as well (sic).

The Court disregards statements in the complaint that are "legal conclusions couched as facts or bare bones recitals of the elements of a cause of action." Mead v. Indep. Ass'n, 684

F.3d 226, 231 (1st Cir. 2012).  Exclusive of such

pronouncements, plaintiff's allegations against Browne are

unavailing.

**8. Immunity of defendant Paikos**

Defendant Paikos is an investigator and lawyer for BORIM.

When a government attorney "prepares to initiate a judicial

proceeding or appears in court to present evidence," his or her

actions are shielded by absolute immunity provided that the

attorney functions as an advocate for a governmental entity. Van

de Kamp v. Goldstein, 555 U.S. 335, 343 (2009) (internal

citations omitted).  Absolute immunity even applies for "making

false or defamatory statements in judicial proceedings . . . and

also for eliciting false and defamatory testimony." Reid v.

State of N.H., 56 F.3d 332, 337 (1st Cir. 1995) (quoting Burns

v. Reed, 500 U.S. 478, 489–90 (1991)).

Here, plaintiff's allegations concern Paikos's role as an

advocate for BORIM.  Accordingly, plaintiff's claims against

Paikos are barred by the doctrine of absolute immunity.

**9. Immunity of defendant Levine**

Plaintiff's allegations against defendant Levine relate to

Levine's testimony at a March, 2015 BORIM hearing.  Testimony

given in a judicial proceeding that pertains to that proceeding

is "absolutely privileged and cannot be used to support a civil

liability even if the statements were uttered with malice" or bad faith. <u>Fisher</u> v. <u>Lint</u>, 69 Mass. App. Ct. 360, 366 (2007) (citing <u>Seelig</u> v. <u>Harvard Coop. Soc.</u>, 355 Mass. 532, 538 (1969)). Because the BORIM proceeding is quasi-judicial in nature, plaintiff's claims against Levine are barred by the doctrine of absolute immunity. <u>See</u> <u>Visnick</u> v. <u>Caulfield</u>, 73 Mass. App. Ct. 809, 812-13 (2009); <u>Williams</u> v. <u>Massachusetts Coll. of Pharmacy & Allied Health Scis.</u>, No. 12-cv-10313-DJC, 2013 WL 1308621, at *5 (D. Mass. Mar. 31, 2013).

### 10. Immunity of Defendants Henry, Richman, Geissmann, Abraham, Sloane and Felice

Defendants Henry, Richman, Geissmann, Abraham, Sloane and Felice are sued as members of the state physician board. Board members of BORIM act in a "quasi-judicial capacity," and are accorded absolute immunity for actions taken in that capacity. <u>Bettencourt</u> v. <u>Bd. of Registration in Med. of Com. of Mass.</u>, 904 F.2d 772, 784 (1st Cir. 1990). Accordingly, plaintiff's claims against these defendants are barred by the doctrine of quasi-judicial immunity.

### 11. Plaintiff's claims are barred by statutes of limitations

#### a. Civil RICO claims

Plaintiff's first claim for relief, for violation of civil RICO, 18 U.S.C. § 1962(c), and second claim, for conspiracy to

violate civil RICO, 18 U.S.C. § 1962(c), are subject to a four year statute of limitations. See Agency Holding Corp. v. Malley-Duff & Assocs., Inc., 483 U.S. 143, 152 (1987) (creating four-year statute of limitations rule for civil RICO actions). The statute begins to run on such a claim "when a plaintiff knew or should have known of his injury." Rotella v. Wood, 528 U.S. 549, 553 (2000) (adopting injury discovery accrual rule).

Plaintiff maintains that the statute began to run in August, 2014, when he first discovered the alleged fraud. That statement is belied by plaintiff's present complaint and past litigation.

First, plaintiff avers in his complaint that

On January 29, 2013, Dr. Bharani first became aware of collusion between defendants Paikos, Kish Cooke, Bouton, Hulka and Nardin.

Second, Dr. Padmanabhan "knew or should have known of his injury" in November, 2011, when he received a termination letter from CHA.

Third, this Court agrees with the well-reasoned decision in Padmanabhan I, which held that the statute of limitations began to run before October, 2011. See Padmanabhan I, at 3 (noting that "plaintiff filed a complaint with the Massachusetts Commission Against Discrimination (MCAD) regarding the allegedly wrongful termination" in September, 2011).

-19-

Finally, plaintiff emphasizes throughout his complaint that defendants' acts took place "over seven years", dating to his discharge from CHA. Based upon allegations made in his previous litigation against many of the same defendants named in this suit, he "should have known" of his injury before October, 2013.

Accordingly, Counts I and II are time-barred.

### b. Sherman Act antitrust claims

Sherman Act claims must be brought "within four years after the cause of action accrued." 15 U.S.C. § 15b. Generally, a "cause of action accrues and the statute begins when a defendant commits an act that injures a plaintiff's business." Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 338 (1971). The acts that "eliminated Dr. Bharani from the medical marketplace," according to plaintiff's complaint, were concluded, at latest, by the BORIM Complaints Committee hearing on January 29, 2013.

Accordingly, Count III is time-barred.

### c. Remaining claims

Plaintiff's remaining claims include tort claims for fraud (Count IV), tortious interference with contract (Count V), trespass to chattels (Count VI), violation of 42 U.S.C. § 1983, and a claim for a declaratory judgment (Counts IX and X). These claims all have a three-year statutes of limitations.

-20-

Whether based on the October, 2011, date for his discharge from CHA or the January, 2013, date for his hearing before BORIM, plaintiff's claims are barred by the three-year statutes of limitations for this claim.  That his license was officially revoked in July, 2017, does not change this fact.  See In re Relafen Antitrust Litigation, 286 F. Supp. 2d 56, 62 (D. Mass 2003).

### 12. Plaintiff's claims against Defendant Kassler fail

Defendant Kassler is the former Chief Medical Officer for Medicare's Boston Regional Office.  Kassler has not answered, moved to dismiss or appeared in this litigation.  On December 17, 2017, plaintiff moved for an entry of default.  The Court will deny that motion.

Plaintiff's claims are barred by the doctrine of claim preclusion.  Although claim preclusion is an affirmative defense, a court "may dismiss [an] action sua sponte, consistent with the res judicata policy of avoiding judicial waste." In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 16 (1st Cir. 2003) (quoting Bezanson v. Bayside Enterps., Inc., 922 F.2d 895, 904 (1st Cir. 1990)).  Such a dismissal is appropriate if two conditions are met.  First,

> the facts that establish the defense must be definitively ascertainable from the allegations of the complaint, the documents (if any) incorporated therein, matters of public

-21-

record, and other matters of which the court may take
judicial notice.

Id.

Second, "the facts so gleaned must conclusively establish
the affirmative defense." Id. (citing Blackstone Realty LLC v.
FDIC, 244 F.3d 193, 197 (1st Cir. 2001)). Both conditions are
met here.

The parties in this suit are identical to Padmanabhan I.
Defendant Kassler is named as a defendant in that complaint.
The cases arise out of the same nucleus of fact, alleged
fraudulent conduct surrounding plaintiff's termination from CHA.
Padmanabhan I resulted in a final judgment when the case was
dismissed by the Norfolk County Superior Court for failure to
state a claim. Accordingly, plaintiff's claims against Kassler
are barred by the doctrine of claim preclusion.

In addition to claim preclusion, plaintiff's claims against
Kassler are barred by the statutes of limitations for the same
reasons outlined above.

It would be a waste of judicial resources if this Court did
not dispose of plaintiff's claims against Kassler at this point.
Accordingly, it will dismiss the claims against Kassler sua
sponte. See Lewis v. N.H. Judicial Branch, No. 09-CV-307-SM,

2010 WL 432367, at *3 (D.N.H. Feb. 3, 2010) (dismissing claim sua sponte under doctrine of claim preclusion).

**13. Rule 8 and pro se status**

Where a plaintiff proceeds pro se, his complaint "is to be liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted). Pro se status, however,

> does not relieve [a plaintiff] of the obligation to meet procedural requirements established by law . . . [and] [e]ven a pro se complainant is required to describe the essential nature of the claim . . .

Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996).

> Under Fed. R. Civ. P. 8(a)(2), a

> pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.

District courts have the power to dismiss a complaint that does not comply with Rule 8(a)(2)'s "short and plain statement" requirement. Vakalis v. Shawmut Corp., 925 F.2d 34, 36 (1st Cir. 1991). Plaintiff maintains that he abided by that requirement in his two page "simple non-conclusory statement of claim" on pages 10 and 11 of his complaint. His complaint continues, however, for another 170 pages and more than 600 paragraphs of allegations.

Most of the allegations in the voluminous paragraphs are irrelevant, conclusory or incomprehensible. The complaint is

unnecessarily burdensome for 19 of the 27 defendants who have
already litigated these very issues.  Dismissal for violation of
Rule 8(a)(2) is reserved for cases in which the complaint

> is so confused, ambiguous, vague or otherwise
> unintelligible that its true substance, if any, is well
> disguised

such that it is unreasonable for defendants to frame a response.
Belanger v. BNY Mellon Asset Mgmt., LLC, 307 F.R.D. 55, 58 (D.
Mass. 2015) (dismissing complaint for failure to comply with
"short and plain statement" requirement).

Plaintiff proffers such a complaint here. Cf. id. ("[The
complaint] is way too long, detailed and verbose for either the
Court or the defendants to sort out the nature of the claims or
evaluate whether the claims are actually supported by any
comprehensible factual basis.").

Accordingly, plaintiff's complaint is dismissed for failure
to comply with Fed. R. Civ. P. 8(a)(2).

## IV. Dismissal with prejudice

Plaintiff's complaint fails to state any claim upon which
relief can be granted.  Because the Court will allow the
defendants' motion to dismiss pursuant to Fed. R. Civ. P.
12(b)(6), the dismissal is "a final decision on the merits, and
is thus with prejudice." Foran v. Stryker Sales Corp., No. 10-
CV-12187-RGS, 2011 WL 652778, at *1 (D. Mass. Feb. 14, 2011)

(citing <u>Acevedo-Villalobos</u> v. <u>Hernandez</u>, 22 F.3d 384, 388 (1st Cir. 1994)).

A district court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). That low standard is not met in this case. Where a movant evinces futility, bad faith, undue delay, or a dilatory motive, amendment is unwarranted. <u>See</u> <u>Grant</u> v. <u>News Group Boston, Inc.</u>, 55 F.3d 1, 5 (1st Cir. 1995). Amending a complaint is futile if the amended complaint "could not withstand a 12(b)(6) motion to dismiss." <u>Hatch</u> v. <u>Dep't for Children, Youth & Their Families</u>, 274 F.3d 12, 19 (1st Cir. 2001) (quoting <u>Rose</u> v. <u>Hartford Underwriters Ins. Co.</u>, 203 F.3d 417, 421 (6th Cir. 2000)).

Here, the Court finds that further leave to amend plaintiff's complaint would be futile. Most of plaintiff's claims are barred by claim preclusion and all are barred by the applicable statutes of limitations. An opportunity to amend will not cure those fundamental shortcomings. Although plaintiff has not yet amended his complaint in this suit, this case is his fourth sortie into court. Once again, his complaint is unavailing. The complaint will be dismissed in its entirety, with prejudice.

**ORDER**

For the foregoing reasons,

1) the motion to dismiss of Lucian Leape (Docket No. 11) is
   **ALLOWED**;

2) the motion to dismiss of Joseph Gesmundo, Carul Hulka and
   Rachel Nardin (Docket No. 15) is **ALLOWED**;

3) the motion to dismiss of George Abraham, Adele Audet,
   Robert Bouton, Nan Browne, Chris Cecchini, Loretta Kish
   Cooke, Gerard Dolan, Marianne E. Felice, Brent "Woody"
   Giessmann, Susan Giordano, Robert J. Harvey, Maura Tracy
   Healey, Michael Henry, Katie Merrill, James Paikos, Robin
   Richman, Candace Lapidus Sloane, Debra Stoller and George
   Zachos (Docket No. 18) is **ALLOWED**;

4) the motion to dismiss of Barry Levine (Docket No. 20) is
   **ALLOWED**;

5) the motion to dismiss of Steven Horowitz (Docket No. 36)
   is **ALLOWED**; and

6) plaintiff's motion for entry of default against William

   Kassler (Docket No. 29) is **DENIED AS MOOT**.

**So ordered.**

                                        /s/ Nathaniel M. Gorton_____
                                        Nathaniel M. Gorton
                                        United States District Judge

Dated April 3, 2018